# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MANUEL CABRERA,<br>      Plaintiff<br><br>      v.<br><br>ADVANCE PALLET, INC.,<br>      Defendant | No. 20 CV 6750<br><br>Judge Jeremy C. Daniel |

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination action in which *pro se* Plaintiff Manuel Cabrera alleges that his former employer, Em3 Holdings, LLC d/b/a Advance Pallet, Inc. ("API"), discriminated against him on the basis of age and disability when it terminated his employment after he suffered a work-related accident. API now moves for summary judgment on Plaintiff's claims. R. 87. Plaintiff does not oppose the motion. For the reasons that follow, the Court grants summary judgment in API's favor.

## BACKGROUND

Because Cabrera did not file a statement of material facts or otherwise respond to API's motion for summary judgment, the Court accepts the facts contained in API's statement of material facts, R. 88 ("SOF"), as true. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) ("When a responding party[] . . . fails to dispute the facts set forth in the moving party's statement in the manner dictated by

the rule, those facts are deemed admitted for purposes of the motion."); *accord Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013).

API is a wooden pallet manufacturer based in Elgin, Illinois. Plaintiff Manuel Cabrera is a 57-year-old man who was hired by API in 2014 as a general laborer and Machine Operator. SOF ¶ 1; R. 90-15. Prior to beginning his employment at API, Cabrera signed an employee handbook that provided he was an at-will employee and specified prohibited conduct. SOF ¶ 3; R. 90-2 at 40.

On April 16, 2020, Gene McEnery, API's President and co-owner, sent Cabrera a written letter terminating his employment. SOF ¶ 16; R. 90-13. The letter cited economic hardship caused by the COVID-19 pandemic and the need to reduce API's workforce to address the impact of customer closings. R. 90-13. A record of API's sales information shows that, in April and May of 2020, API's monthly sales declined by nearly twenty percent as compared to the previous year. R. 90-12. Employment records show that between January 2020 and May 2020, API eliminated nearly 30% of its direct labor workforce. R. 90-14.

Cabrera testified in his deposition that COVID-19 was a pretext for his termination. R. 90 ("Cabrera Dep.") at 53:16–22. He contends that API wrongfully terminated him and discriminated against him because of his age and disability due to a back injury that he suffered on September 24, 2019. *See generally* R. 12; SOF ¶ 7. Cabrera states that he believed that API treated two similarly situated individuals more favorably than him: (1) an unnamed cousin of an API coworker who was hired by API after Cabrera was terminated, Cabrera Dep. at 22:10-23:12, and (2) an

2

individual named Candido Orta, who Plaintiff believed was over 40 and had also been injured on the job. *Id.* at 37.19-38:22.

McEnery testified that he was unaware that Cabrera had a disability when he sent him the termination letter. R. 90-1 ("McEnery Dep.") at 23:7-8, 26:1-3. In response to Cabrera's claim of age discrimination, API presented evidence indicating that four of the ten direct labor employees who API laid off between January 2020 and May 2020 were younger than forty and that, of the twenty-six direct employees who remained at API in May 2020, twelve were forty years old or older. *See* R. 90-14. API also contends that Cabrera's termination was due, in part, to performance-related issues. SOF ¶¶ 4, 14, 20, 28-29. It cites at least five incidents in which Cabrera received written warnings for violating the employee code of conduct, including two warnings for absenteeism, two warnings for failure to meet performance standards or follow procedures, and one incident of insubordination after which he was suspended pending an investigation. *See* R. 90-3 (Exhibit D); R. 90-6 (Exhibit G); R. 90-7 (Exhibit H); R. 90-10 (Exhibit K); R. 90-11 (Exhibit L).

On October 14, 2020, Cabrera filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). *See* R. 90-15 at 2. Cabrera did not mention that he suffered from a disability in the body of his EEOC charge, nor did he mark "disability" as a basis for discrimination at the top of the form. *Id.* The EEOC issued Cabrera a notice of right to sue on October 22, 2020. *Id.* ¶ 48; R. 90-16 (Exhibit Q). He filed this action, alleging age discrimination under the ADEA

3

and adding a claim for disability discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII).

API moved for summary judgment, arguing that Cabrera's disability discrimination claim is barred due to failure to exhaust administrative remedies and that he has failed to raise a genuine issue of material fact upon which a jury could conclude that Cabrera was discriminated against. R. 87; R. 89.

## LEGAL STANDARD

"Where a party fails to respond to a motion for summary judgment, the Court may exercise its discretion properly and rule on the merits of the unopposed motion." *United Cent. Bank v. Findley*, No. 12 C 1405, 2013 WL 5408660, at *2 (N.D. Ill. Sept. 26, 2013). However, a failure to respond to a summary judgment motion does not automatically result in judgment for the movant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citation omitted). Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, a court must "consider all of the evidence in the record in the light most favorable to the non-moving party, and [] draw all reasonable inferences from that evidence in that party's favor." *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019) (citation and quotation marks omitted). A court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Orozco v. Dart*, 64 F.4th 806, 814 (7th Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). By contrast, "a party who fails to produce evidence sufficient to establish an element essential to that party's

4

case on which they bear the burden of proof cannot survive a summary judgment challenge." *Id.* at 814 (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 970 (7th Cir. 2004).

## ANALYSIS

API argues that it is entitled to summary judgment on each of Cabrera's claims because (1) Cabrera failed to exhaust his administrative remedies with respect to his Title VII disability discrimination claim, (2) even if Cabrera had exhausted his administrative remedies, there is no genuine dispute of material fact as to whether API provided him with reasonable accommodations, and (3) there is no genuine dispute of material fact as to whether API discriminated against Cabrera in violation of Title VII and the ADEA. *See generally* R. 89.

The Court agrees with API that Cabrera failed to exhaust his administrative remedies with respect to his Title VII disability discrimination claims. As for Cabrera's ADEA claim, Cabrera does not raise a genuine issue of material fact precluding summary judgment in API's favor.

### I. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Court first considers whether Plaintiff has properly exhausted his administrative remedies with respect to his discrimination claims. Employees may bring Title VII and ADEA employment discrimination claims in federal court only after they have timely exhausted their administrative remedies. *See, e.g.*, *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019); *see also Reynolds v.*

5

*Tangherlini*, 737 F.3d 1093, 1101 (7th Cir. 2013) (holding that the procedure for exhaustion under the ADEA and Title VII is relevantly similar).

To exhaust a claim, a plaintiff must timely file a charge of discrimination with the EEOC. *Trujillo*, 926 F. 395 at 400. The EEOC charge limits the scope of subsequent civil litigation in federal court. *Reynolds*, 737 F.3d at 1099. Generally, a plaintiff who has filed an EEOC charge can only bring claims under Title VII or the ADA that were included in the original charge. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019) (citation omitted). There is an exception, however, for claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1005–06 (7th Cir. 2019) (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)).

Plaintiff asserts claims for both age-based discrimination under the ADEA and disability-based discrimination under Title VII. Cabrera properly exhausted his administrative remedies with respect to his ADEA claim by filing an EEOC charge and obtaining a notice of right to sue. *See* R. 90-15; R. 90-16. The same cannot be said of his Title VII claim, however. Plaintiff's EEOC charge does not refer to a claim of disability discrimination—it only mentions age-based discrimination. The charge reads:

> I began my employment with Respondent on or about September 12, 2014. My most current position was Machine Operator. During my employment with Respondent, I was subjected to harassment. On or about May 23, 2020, I was discharged. I believe I was discriminated against because of my age, (YOB 1966), in violation of the Age Discrimination in Employment Act of 1967, as amended.

6

R. 90-15. These allegations do not mention that Cabrera was disabled or that he suffered from disability discrimination. Nor is there a legitimate basis to infer that a disability discrimination claim would flow from such allegations. *See, e.g., Fairchild v. Forma Sci., Inc.*, 147 F.3d 567, 575–76 (7th Cir. 1998) (holding that the allegations of age discrimination in the plaintiff's EEOC charge were not reasonably related to disability discrimination claim in his federal complaint because "[the plaintiff] did not support his charge with specific facts" and "made factual allegations that could only support one kind of discrimination—discrimination based on age"); *Siciliano v. Chi. Loc. 458-3M*, 946 F. Supp. 596, 600 (N.D. Ill. 1996) (holding that a claim of age-based discrimination was not reasonably related to sex and disability discrimination).

Because Cabrera has failed to exhaust his administrative remedies as to his Title VII disability discrimination claims, the Court dismisses his Title VII claims without prejudice. *See McHale v. McDonough*, 41 F.4th 866, 872–73 (2022) (when a plaintiff has failed to exhaust administrative remedies in an employment discrimination action, the proper course is dismissal without prejudice rather than granting summary judgment).

## II. PLAINTIFF'S AGE DISCRIMINATION CLAIMS

The Court next considers whether API is entitled to summary judgment on Cabrera's remaining ADEA claim. Because this claim is based on disparate treatment rather than direct age-based discrimination, Cabrera must satisfy the "indirect method" of proof under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To set forth a *prima facie* case of age discrimination under *McDonell*, an employee must show that: (1) he was over

7

forty years of age; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated, substantially younger employees were treated more favorably. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771–72 (7th Cir. 2002). A triable issue as to each element of the *prima facie* case must exist in order to survive summary judgment. *Griffin v. Potter*, 356 F.3d 824, 828 (7th Cir. 2004). If Cabrera succeeds in establishing a *prima facie* case, the burden shifts back to API to offer a legitimate, non-discriminatory reason for the adverse action. *Id.*

Cabrera has established the first and third *McDonell* factors. He testified during his deposition that he is over forty years old and that he suffered an adverse employment action when he was terminated from API. Cabrera Dep. at 11:4-5; R. 90-13; *see also, e.g.*, *Blackmon v. City of Chi.*, 836 F. Supp. 2d 655, 665 (N.D. Ill. 2011) ("[T]ermination unquestionably . . . constitute[s] an adverse action."). However, Cabrera has failed to present any evidence as to the second and fourth elements of his *prima facie* case.

First, Cabrera has failed to establish that he was meeting his employer's legitimate expectations. To satisfy their burden at summary judgment, an employee must present evidence upon which a reasonable jury could conclude that he was "performing well at the time of his termination." *Schulz v. Varian Med. Sys., Inc.*, 315 F. Supp. 2d 923, 930 (N.D. Ill. 2004) (citing *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 329 (7th Cir.2002)). Here, Cabrera has presented no affirmative evidence that he was performing satisfactorily at the time of his termination. Rather, the record

8

indicates that he violated the terms of his employment on at least five separate occasions and was issued written warnings—the last of which was issued six weeks before Cabrera was terminated. *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 328 (7th Cir. 2002) (affirming grant of summary judgment for employer on age discrimination claim where plaintiff was notified of specific deficiencies in her job performance and failed to correct them).

Second, Cabrera fails to present evidence that similarly situated, substantially younger employees were treated more favorably than him. "To make this showing, a plaintiff need not present a doppelganger who differs only by having remained in the employer's good graces." *Filar v. Bd. of Educ. of City of Chi.*, 526 F.3d 1054, 1061 (7th Cir. 2008). Nonetheless, a plaintiff must provide evidence of a comparator "similar enough to eliminate confounding variables, such as differing roles, performance histories, or decision-making personnel." *Id.* (citation omitted). Granting summary judgment on this element is appropriate "when no reasonable fact-finder could find that plaintiffs have met their burden on the issue." *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012).

Here, no reasonable fact-finder could find that Cabrera has met his burden of identifying a similarly situated, substantially younger person who was treated more favorably than him. In his deposition, Cabrera identified only two individuals as potential comparators. One of the individuals is unnamed, and there is no information about his age or employment status. The only information that Cabrera provides is that this individual was the cousin of someone named Michaela who also

9

worked at API. This is an insufficient basis upon which to infer that this person is a valid comparator for Cabrera's age discrimination claim. *See, e.g.*, *Young v. Chi. Transit Auth.*, 189 F. Supp. 2d 780, 790 (N.D. Ill. 2002) (holding that plaintiff could not establish the "similarly situated" element for purposes of a race discrimination claim by "generalized, conclusory assertion[s]" or "by simply referring to an unidentified non-black individual named 'David.'"); *Campbell v. Dominick's Finer Foods, Inc.*, 85 F. Supp. 2d 866, 872 (N.D. Ill. 2000) (holding that plaintiff could not establish the "similarly situated" element of a discrimination claim by simply referring to an unidentified Hispanic employee whose attendance record was unknown).

The second individual that Cabrera identified in his deposition, Candido Orta, is, by Cabrera's own admission, over forty years old. Cabrera Dep. at 38:7-13. While a comparator for an age discrimination claim need not be younger than forty, when a worker is replaced by another employee who is "not insignificantly younger," there is not "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (cleaned up). Employment records indicate that Orta is only five years younger than Cabrera, a gap that is "presumptively insubstantial." *Hartley v. Wis. Bell, Inc.*, 124 F.3d 887, 893 (7th Cir. 1997) (holding that an age gap of six years was insubstantial under *O'Connor*). Cabrera does not present any other evidence to support concluding that Orta was treated more favorably because of his age or to suggest that he and Orta are similarly situated.

Moreover, "the numbers do not support the claim" that Cabrera was discriminated against because of his age. *Bates v. City of Chi.*, 726 F.3d 951, 955 (7th Cir. 2013). API has presented unrebutted evidence indicating that 40% of the API direct labor employees who were laid off at the height of the COVID-19 pandemic were younger than forty. R. 90-14. Following the downsizing, twelve of API's direct labor employees—nearly half of the company's remaining direct labor workforce—were over the age of forty. R. 90-14; *see also Bates*, F.3d at 955 (affirming summary judgment for defendants on claims of race-based discrimination where evidence of hiring, promotion and demotion did not show pattern of racial bias). And of the individuals who remained employed, one was twelve years older than Cabrera. R. 90-14 at 3. Given this evidence, a reasonable jury could not conclude that Cabrera was discriminated against based on his age.

Finally, even if the Court were to assume that Cabrera has set forth a *prima facie* case of age discrimination, his claim would still fail because API has established a legitimate, non-discriminatory reason for his termination—the economic hardship caused by the COVID-19 pandemic. McEnery testified that Cabrera was terminated due to a "[o]nce in a generation worldwide pandemic that caused global hardship and global shutdown." McEnery Dep. at 8:18–21. This testimony is corroborated by the sales and employment records indicating that the company lost nearly 20% of its sales and eliminated nearly 30% of its direct labor workforce in early 2020. R. 90-12; R. 90-13. Cabrera fails to rebut this evidence. He implies that API's financial condition was better than reported. SOF ¶ 40. But "[w]here an employer has honestly described the

motivation for its decision, that decision is not pretext for discrimination just because the plaintiff asserts the defendant's beliefs were inaccurate." *Roberts v. Separators, Inc.,* 172 F.3d 448, 453 (7th Cir. 1999). In sum, because no reasonable jury could conclude that Cabrera suffered age-based discrimination, the Court grants summary judgment to API on Cabrera's ADEA claim.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Em3 Holdings, LLC d/b/a Advance Pallet, Inc.'s motion for summary judgment. R. 87. Plaintiff Manuel Cabrera's Title VII disability discrimination claims are dismissed without prejudice due to failure to exhaust administrative remedies. Judgment for the Defendant is entered on all of Plaintiff's remaining claims. Civil case is terminated.

Date: 9/26/2023

JEREMY C. DANIEL
United States District Judge